IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 21-cr-276-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.    WILLIAM JOHNS,

       Defendant.

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 821**

This matter is before the Court on Defendant William Johns's *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines ("Motion") (ECF No. 59). The Government filed a response (ECF No. 63). Johns did not file a reply. For the following reasons, the Motion is denied.

**I.    BACKGROUND**

On May 10, 2023, the Court sentenced Johns to 288 months in prison after he pleaded guilty to one count of Possession with Intent to Distribute One Kilogram or More of Heroin and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (ECF No. 59 at 2; ECF No. 63 at 4; *see also* ECF No. 53.) In his presentence investigation report ("PIR"), Johns was assessed 17 criminal history points pursuant to United States Sentencing Guideline ("U.S.S.G.") § 4A1.1. (ECF No. 59 at 4; ECF No. 63 at 1; *see also* ECF No. 48 at 19.) Two of those points included "status

1

points" assessed pursuant to then-current § 4A1.1(d), as Johns was serving a criminal justice sentence for a prior conviction in El Paso County, Colorado when he committed all or part of the instant offenses. (ECF No. 63 at 1; *see also* ECF No. 48 at 18-19.) The Court adopted Johns's PIR without change. (ECF No. 54 at 1.)

Johns states that, since he has been in custody, he has completed the "Money Smart" program, "worked as an Orderly in [his] housing unit," and "mentored some of the inmates in [his] unit and on the yard." (ECF No. 59 at 4.) His current projected release date is October 27, 2037. (ECF No. 59 at 2.)

Johns seeks a sentence reduction based on Amendment 821's changes to the Federal Sentencing Guidelines' provision concerning the assessment of "status points" to offenders who were serving a criminal justice sentence at the time of the instant offense. (ECF No. 59 at 1); *see also* U.S.S.G. § 4A1.1(d), (e).

## II.     ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(2), a court may modify the sentence

> of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant or the Director of the Bureau of Prisons ["BOP"], or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In relevant part, U.S.S.G. § 1B1.10 directs that a defendant is not entitled to a sentence reduction under § 3582(c)(2)—*i.e.,* a reduction is *not* consistent with applicable policy statements issued by the Sentencing Commission—if a covered amendment "does not

have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2).

Previously, the Sentencing Guidelines mandated that two points (colloquially referred to as "status points") should be added to a defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (2021 ed.). Amendment 821, however, made it such that "status points" should only be assigned to defendants who are first assessed seven or more criminal history points under §§ 4A1.1(a)–(d). § U.S.S.G. § 4A1.1(d) (2023 ed.) If a defendant meets the seven-point threshold, they should then be assessed just *one* "status point" if they were under a criminal justice sentence during any part of the instant offense. U.S.S.G. § 4A1.1(e), cmt. 5.

Here, Amendment 821's changes to the calculation of status points under § 4A1.1 do not result in a sentence reduction for Johns. Subtracting the two status points Johns received in his PIR, Johns would still be left with 15 criminal history points. (*See* ECF No. 48 at 19.) Under current § 4A1.1, one status point would have been added to Johns's criminal history score since he was serving a criminal justice sentence when he committed the instant offenses and had more than seven criminal history points. U.S.S.G. § 4A1.1(e). Thus, had he been sentenced following the effective date of Amendment 821, Johns would have been assessed 16 criminal history points.

Johns's total offense level at sentencing was 33, which is unaffected by Amendment 821's revisions to § 4A1.1. (ECF No. 54 at 1.) Moreover, 16 criminal history points still would have placed Johns at criminal history category VI. *See*

U.S.S.G. Ch. 5 Pt. A.  Under the current iteration of the Sentencing Guidelines, the applicable sentencing range would have remained the same: 235 to 293 months. *Compare id. with* (ECF No. 54 at 1).  Thus, as the Government correctly points out, retroactive application of the "status" points guideline would not have afforded Johns a lesser sentence.  (ECF No. 63 at 4.)  As a result, the Court may not grant him a reduction.  *See* U.S.S.G. § 1B1.10(a)(2).

### III.  CONLUSION

For the foregoing reasons, the Court DENIES the Motion.

Dated this 4th day of November, 2024.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge